KATHRYN C. WANNER (Cal. Bar No. 269310)
Email: wannerk@sec.gov
M. LANCE JASPER (Cal. Bar No. 244516)
Email: jasperml@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
Alka Patel, Associate Regional Director
Gary Leung, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>DAVID J. BUNEVACZ, MARY HAYCA BUNEVACZ, CAESARBRUTUS LLC, CB HOLDING GROUP CORP., AND BRUTUS CALIFORNIA VENTURES CORP.,<br><br>　　　　　Defendants. | Case No. 2:22-cv-02284-SB-JCx<br><br>**SECURITIES AND EXCHANGE COMMISSION AND MARY HAYCA BUNEVACZ'S STIPULATION TO VACATE DATES IN SCHEDULING ORDER DUE TO PROPOSED SETTLEMENT** |

1  Plaintiff Securities and Exchange Commission ("SEC"), by and through its
2  counsel of record, Kathryn C. Wanner and M. Lance Jasper, and defendant Mary
3  Hayca Bunevacz ("Hayca" or "Defendant"), by and through her counsel of record,
4  Jeremy Ross, ("the parties") hereby stipulate and agree as follows:
5  WHEREAS, on April 5, 2022, the SEC filed its Complaint ("Complaint")
6  against defendants alleging that Hayca sold securities in defendant David J.
7  Bunevacz's ("Bunevacz") unregistered securities offerings; the SEC's complaint
8  alleges Hayca violated the securities registration provisions of Sections 5(a) and (c)
9  of the Securities Act of 1933, 15 U.S.C. § 77e; the complaint seeks a permanent
10 injunction, disgorgement with prejudgment interest, and civil penalties against
11 Hayca; and Hayca was one of five defendants charged in this case (Dkt. No. 1); and
12 Clerk's defaults under Federal Rules of Civil Procedure 55(a) have been entered
13 against all of the other defendants in this matter (Dkt. Nos. 18, 20, and 31);
14 WHEREAS, on August 22, 2022, the Court set Hayca's case for trial and
15 scheduled a final pretrial conference for June 30, 2023 at 10:00 a.m. and a jury trial
16 for July 17. 2023 at 8:30 a.m.  Dkt. No. 34;
17 WHEREAS, on Monday November 21, 2022, Hayca agreed to the material
18 terms of a proposed settlement, and the SEC has prepared a written Consent
19 reflecting the terms of the settlement, which it will then forward for approval by the
20 Commissioners of the SEC;
21 WHEREAS, the SEC anticipates it will take the SEC Commissioners
22 approximately 45-60 days to act on Defendant Hayca's proposed settlement, and the
23 parties have agreed to notify the Court within 72 hours of the Commissioners acting
24 upon the proposed settlements and to file a Status Report Regarding Settlement with
25 the Court by no later than January 27, 2023, if the SEC Commissioners have not
26 acted on the proposed settlement by then;
27 WHEREAS, in light of the proposed settlements, the parties have agreed that
28 all remaining pretrial dates set forth in the Court's August 22, 2022 order (Dkt. No.

1

34) should be vacated, so that the SEC can take the necessary steps to present Hayca's proposed settlement to the SEC Commissioners for review;

WHEREAS on April 29, 2022 an indictment was filed against Bunevacz in the United States District Court for the Central District of California, under Case No. 2:22-cr-00175-DSF in an action titled *United States of America v. David Joseph Bunevacz*, and remains pending in that Court (the "Criminal Action");

WHEREAS, on November 21, 2022, Bunevacz was sentenced in the Criminal Action to 210 months' imprisonment, three years of supervised release, $35,267,851.98 in restitution, and a $200 special assessment;

WHEREAS, in other SEC civil enforcement actions involving a parallel criminal action, resolution of the parallel criminal action and relief imposed by the criminal judgment – including amount of restitution ordered, and whether incarceration was imposed – has been relevant to the monetary relief sought by the Commission in its parallel civil enforcement action, *see, e.g. SEC v. James R. Trolice et al.,* Case No. 2;16-cv-02513-WJM-MF (D.N.J., December 9, 2018) (via letter brief available at https://www.sec.gov/files/judg16-cv-02513trolice.pdf -- advising that Commission had determined to forgo its claims for disgorgement, prejudgment interest thereon, and a civil penalty in light of criminal sanctions); *SEC v. Galleon Management, LP, et al.*, 2011 WL 6144183 (S.D.N.Y.) (final judgment as to defendant Zvi Goffer deeming disgorgement and prejudgment interest satisfied by forfeiture ordered by the court, and no civil penalty in light of sentence of imprisonment); *SEC v. PLCMGMT LLC, dba Prometheus Law.*, 2017 WL 4216311 (C.D. Cal.) (unopposed motion seeking to deem disgorgement satisfied by criminal restitution and to forego civil monetary penalties in light of criminal sentence); *SEC v. Castleberry Financial Services Group LLC, et al.*, 2020 WL 2631183 (S.D. Fla.) (motion seeking to deem disgorgement satisfied by criminal restitution and to forego civil monetary penalties in light of criminal sentence); *see also SEC v. Palmisano*, 135 F.3d 860, 863-64 (2d Cir. 1998) (criminal restitution credited toward

disgorgement in SEC action); *SEC v. Lawrence*, 2016 WL 626602, SEC Rel. No. 23467 (Feb. 16, 2016) (civil penalty claim withdrawn in consideration of criminal conviction and sentence of incarceration);

  WHEREAS, in order to seek an offset of disgorgement and prejudgment interest against the restitution sought in the Criminal Action against Bunevacz and to forgo seeking a penalty in light of Bunevacz's criminal conviction, counsel for the SEC must obtain authorization from the Commission; Commission authorization is sought by submitting an action memorandum to the Commission that sets forth a recommendation and provides a comprehensive explanation of the recommendation's factual and legal foundation, and after the recommendation is presented to the Commission, the Commission will consider the recommendation and vote on whether to approve or reject the recommendation; and the action memo process, including all appropriate internal reviews can take 30 to 60 days (*see* SEC, DIV. OF ENF'T, ENFORCEMENT MANUAL, https://www.sec.gov/divisions/enforce/enforcementmanual.pdf, §§ 2.5.1-2); and

  WHEREAS, given Bunevacz's recent criminal sentence, plaintiff's counsel have now prepared an action memorandum to the Commission, and the SEC respectfully requests additional time (45-60 days) for the Commission to review and act on that recommendation;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by counsel for the SEC and counsel for defendant Hayca that all dates and deadlines set by the Court's August 22, 2022 order (Dkt. No. 34) should be vacated, and hereby request that the Court sign the attached Proposed Order finding there is good cause to do so.

Dated:  December 5, 2022

          */s/ Kathryn C. Wanner*
KATHRYN C. WANNER
Attorney for Plaintiff
Securities and Exchange Commission

Dated:  December 5, 2022

          */s/ Jeremy Ross*
JEREMY ROSS
Attorney for Defendant Mary Hayca Bunevacz

## **ATTESTATION**

Pursuant to Civil L.R. 5-4.3.4(a)(2)(i), the filer attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

      */s/ Kathryn C. Wanner*
Counsel for Plaintiff SEC

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is:

    U.S. SECURITIES AND EXCHANGE COMMISSION,
    444 S. Flower Street, Suite 900, Los Angeles, California 90071
    Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On December 5, 2022, I caused to be served the document entitled **SECURITIES AND EXCHANGE COMMISSION AND MARY HAYCA BUNEVACZ'S STIPULATION TO VACATE DATES IN SCHEDULING ORDER DUE TO PROPOSED SETTLEMENT** on all the parties to this action addressed as stated on the attached service list:

☒ **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐ **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐ **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☒ **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☒ **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒ **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐ **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

    I declare under penalty of perjury that the foregoing is true and correct.

Date: December 5, 2022                    /s/ *Kathryn C. Wanner*
                                                   Kathryn C. Wanner

*SEC v. David J. Bunevac, et al.*
United States District Court—Central District of California
Case No. 2:22-cv-02284-SB-JCx

### SERVICE LIST

David Bunevacz
c/o Federal Bureau of Prisons
MDC Los Angeles
535 N. Alameda Street
LOS-ExecAssistant@bop.gov
*Defendant and Agent of Service for Defendants Caesarbrutus LLC and CB Holding Group Corp.*

Jeremy L. Ross
jeremy@dambrosioross.com
D'Ambrosio|Ross LLP
714 W. Olympic Blvd. Ste 938
Los Angeles, CA 90015
*Attorney for Defendant Mary Bunevacz*

Rennie Gardiner
7697 21st Avenue
Sacramento, CA 95820
*Registered Agent of Service for Defendant Brutus California Ventures Corp.*

2