JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>      Plaintiff,<br><br>v.<br><br>DAVID J. BUNEVACZ et al.,<br><br>      Defendants. | Case No. 2:22-cv-02284-SB-JC<br><br>FINAL JUDGMENT AS TO DEFENDANT DAVID J. BUNEVACZ |

For the reasons set forth in the separate order entered this day granting Plaintiff Securities and Exchange Commission's motion for default judgment against Defendant David J. Bunevacz, it is hereby ordered, adjudged, and decreed that:

- Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    a) to employ any device, scheme, or artifice to defraud;

    b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

- c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

- Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    a) to employ any device, scheme, or artifice to defraud;

    b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

- Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

    a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

    c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or

examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

- As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing permanent injunctions also bind the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

- Defendant is liable for disgorgement of $35,216,861.90, but this disgorgement obligation is deemed satisfied by the restitution order entered in a parallel criminal action, *U.S. v. David Joseph Bunevacz*, 22-175-DSF (C.D. Cal.) ("Federal Criminal Action"), requiring Defendant to pay $35,267,851.98.

- Pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

- Defendant is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

- There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the clerk is ordered to enter this Final Judgment forthwith and without further notice.

IT IS SO ORDERED.

Date: April 3, 2023

_____
Stanley Blumenfeld, Jr.
United States District Judge